## WASHINGTON COUNTY.

### MARCH TERM, 1841.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" JACOB COLLAMER,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT,

SAMUEL BECKLEY *v.* EBENEZER F. WILLARD.

In a declaration, under the statute, for betterments, it must be determined, on a trial before the jury, whether there can be a recovery, and the question cannot be raised by special pleadings which terminate in demurrer.

THIS was a declaration for betterments, under the statute, filed in this court after a recovery was had in favor of Willard against Beckley, in an action of ejectment for the seizin and possession of a parcel of land lying in Barre, in which action final judgment was rendered in this court at the July term, 1839.

The defendant, Willard, to this declaration, pleaded non assumpsit, and three special pleas in bar.

There was a replication to the two first special pleas, which was demurred to, specially, and one of the causes assigned was, that the replication answered both pleas when the pleas required separate answers; but, as the questions raised by the demurrer to this replication were not passed upon, for the reasons given by the court, in their opinion, these pleas and the replication thereto, and the arguments of the counsel thereon, are omitted in reporting the case.

The third plea was, in substance, that the land in question was part of the third division lot in Barre, reserved in the

charter of said town, for the use and benefit of a college in this state, the whole of which lot had been held by the said Willard for a long time past, to wit, twenty years, under the University of Vermont, who have the legal title thereto under said charter, and that the defendant and those under whom he claims to hold said lot, have always regarded and treated it as such ; concluding with a verification. To this plea the plaintiff demurred.

*W. Upham* and *L. B. Peck*, for defendant, contended that the statute authorizing the filing of a declaration for betterments, did not apply to a case where the land was sequestered to a public use, and had been treated as such, by all parties, for a long series of years.

*P. Dillingham, Jr.,* and *N. Kinsman*, for plaintiff.
The defendant's third plea is bad. All that is stated in that plea may be true and yet furnish no valid objection to the plaintiff's recovery. Statute, Slade's edition, p. 182, No. 7.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is a declaration for betterments, filed in this court, after a recovery had by Willard against Beckley, in an action of ejectment affirmed in this court. The defendant, Willard, has pleaded to the declaration, the general issue and three several pleas in bar. To the two first, there is a replication which is demurred to specially, and the third plea in bar is demurred to.

The statute, under which this declaration is filed, provides that as often as judgment shall be rendered on demurrer, or on any plea in abatement in favor of the defendant, or defendants, in such action for betterments, the plaintiff, within twenty-four hours after such judgment, shall have liberty to file another declaration for the purposes intended by the act, on which a trial shall be had, and, in the meantime, the writ of seizin shall be stayed. It is obvious, therefore, that a judgment in favor of the defendant on these several pleas in bar, would be unavailing. The questions of law which may arise in relation to a claim for betterments, can only be determined on the trial to be had before the ju-

ry, and any questions properly arising on such trial are sub-

ject to be reviewed by this court.

This was stated from the bench, in substance, when the case of *Brown* v. *Storm* was decided, 4 Vt. R. 37, and more fully expressed in the case of *Gage & Walker* v. *Ladd*, 5 Vt. R. 266. The same reasoning, which induced the court to observe, in that case, that on the trial to be had on the declaration for betterments, it must be determined whether the person is entitled to the benefit provided in the statute, and that they could not be be decided by the court on objections to filing a declaration, would require us to decide against these several pleas in bar.

The judgment in the action of ejectment, determines that the plaintiff in ejectment had a title to the lands recovered, against the defendant in that action, and that the latter was a wrongdoer in withholding the possession from him. At what time he became so, or whether he entered under such circumstances as to be entitled to recover for his betterments, will depend on the facts which may be made to appear on the trial.

Public lands were, by the act of 1800, expressly excluded from the act relating to betterments, but when the statute was re-enacted and revised in 1820, the clause exempting them was purposely omitted. Whether these contending parties stand in such a situation, in relation to each other, as that the statute can be made effectual, is a question not presented by the pleadings. The only question attempted to be raised, by the third plea in bar, is, whether the statute applies to public lands, and from an examination of the statute, it does not appear that they are exempted from its operation. This latter opinion, however, is rather gratuitous, although the question was argued ; as we are of opinion, for the reasons already stated, that these questions should not be raised on a demurrer to these special pleas, but on the trial of the issue which is closed to the jury.

The judgment of the court is, that the third plea in bar is insufficient, and that the replication to the two first pleas in bar is sufficient, and the cause must be sent to the county court for trial of the general issue.